UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

CASE NO:

**BRANDON LUNA,**
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**SECURE IP TELECOM, INC.,** d/b/a
**AMERICA VOICE,**

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Brandon Luna brings this class action against Defendant Secure IP Telecom, Inc. d/b/a America Voice and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. Defendant uses prerecorded messages to advertise/market its goods and services to individuals' cellular phone numbers without first obtaining the required express written consent.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

6. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing prerecorded messages to Plaintiff's cellular telephone number which has an area code (832) that corresponds geographically to Texas such that Defendant knew that it was committing a tort in this jurisdiction.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, who is a citizen of Brazoria County, Texas.

8. Defendant is a California corporation whose principal office is located in Los Angeles, California. Defendant directs, markets, and provides its business activities throughout the state of Texas.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using … an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14. In 2012, the FCC issued an order further restricting automated <u>telemarketing</u> calls, requiring "prior express <u>written</u> consent" for such calls. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

15. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

17. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

18. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

20. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## **FACTS**

22. On or about May 21, 2020, Defendant called Plaintiff's cellular telephone number ending in 5607 (the "5607 Number") using prerecorded voice message from telephone number 631-400-3100.

23. The prerecorded voice call Defendant sent to Plaintiff discussed services provided by "American Voice" and encouraged Plaintiff to press 1 to learn more about Defendant's services and promotions.

24. Defendant's prerecorded voice call constitutes telemarketing because the purpose of the call was to encourage Plaintiff to purchase Defendant's services.

25. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial district.

26. Plaintiff never gave Defendant his prior express written consent to call Plaintiff on his cellular telephone utilizing a prerecorded marketing voice message marketing its goods, property and/or services.

27. Plaintiff is the sole user and/or subscriber of the 5607 Number.

28. Defendant's unsolicited prerecorded voice message call caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

29. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

30. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received an artificial and/or prerecorded voice call on their cellular telephone from Defendant or anyone on Defendant's behalf, regarding Defendant's goods and/or services.**

31. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

33. Upon information and belief, Defendant has placed prerecorded voice calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

34. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

35. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

   b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   c) Whether Defendant's conduct was knowing and willful;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

   e) Whether Defendant should be enjoined from such conduct in the future.

36. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

37. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

38. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

39. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

40. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b) & 47 C.F.R. § 64.1200(a)**
*Individually and on behalf of the Class*

41. Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

42. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

43. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

44. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

45. It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

46. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

47. Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

48. Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

49. Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using a prerecorded message to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

50. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

51. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and § 64.1200;

c) An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

d) An award of actual and statutory damages; and

e) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

DATED: May 2, 2023

                        Respectfully submitted,

**SHAMIS & GENTILE, P.A.**

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Texas Bar No. 24124558
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, FL 33132
Telephone: 305-479-2299

Michael L. Eisenband
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Michael Eisenband
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
*Pro hac vice to be filed*

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Pro hac vice to be filed*

*Counsel for Plaintiff*